Ann **THOMPSON**, by her next friend
and legal guardian, Helen
**JACOBS**, Plaintiffs,

v.

**ILLINOIS DEPARTMENT OF MENTAL HEALTH AND DEVELOPMENTAL DISABILITIES and the following Directors: Otto L. Bettag, M.D., Francis J. Gerty, M.D., John F. Briggs and Albert J. Glass, M.D., Galesburg State Research Hospital and the following Faculty Directors: Thomas T. Tourlentes, M.D. and Angelo Zocchi, M.D., Brightview Nursing Home and Yosef Davis, Defendants.**

No. 90 C 04673.

United States District Court,
N.D. Illinois, E.D.

Nov. 19, 1990.

220

Diana Kenney, Nancy Carper, Carper & Rubesh, Chicago, Ill., for plaintiffs.

Scott Myers, O'Connor Schiff & Myers, John Simon, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Ann Thompson filed this suit against several defendants, including the Illinois Department of Mental Health and Developmental Disabilities ("DMHDD"). She bases her complaint on 42 U.S.C. §§ 1981, 1983 (1988), alleging that her confinement, and the conditions of confinement, in various DMHDD and private facilities violated her constitutional rights under the Fourth and Sixth Amendments. DMHDD now moves for dismissal under Federal Rule of Civil Procedure 12(b)(1), contending that the Eleventh Amendment prohibits suit against it. We agree, and grant DMHDD's motion.

The crux of Thompson's argument against the motion is that DMHDD "is not the sovereign state itself nor a governmental entity that could be considered an 'arm of the state' for eleventh amendment purposes or for purposes of Section 1983." That is an obvious misstatement. There can be no doubt that DMHDD is a state government department created pursuant to codified state law. *See* Ill.Ann.Stat. ch. 127, para. 3 (Smith–Hurd 1967 & Supp. 1990).

Generally speaking, "[i]t is clear ... that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984) (citations omitted). Neither the state nor DMHDD itself have consented to suit in this court. *See* Ill.Ann. Stat. ch. 127, para. 801 (Smith–Hurd 1990); *see also id.* ch. 37, paras. 439.1–.25 (Smith–Hurd 1990). Moreover, contrary to Thompson's apparent position, Section 1983 is not an exception to Eleventh Amendment immunity; "Congress, in passing § 1983, had no intention to disturb the States' Eleventh Amendment immunity and so to alter the Federal–State balance in that respect...." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 2309, 105 L.Ed.2d 45 (1989); *see also Quern v. Jordan*, 440 U.S. 332, 341, 99 S.Ct. 1139, 1145, 59 L.Ed.2d 358 (1979) (§ 1983 does not "override the traditional sovereign immunity of the States"). A state department like DMHDD with Eleventh Amendment immu-

nity is simply not a "person" within the meaning of § 1983. *Howlett v. Rose*, —— U.S. ——, 110 S.Ct. 2430, 2437, 110 L.Ed.2d 332 (1990). Therefore, we have no jurisdiction, under the Eleventh Amendment or § 1983, to adjudicate a suit against DMHDD.

Thompson's cursory discussion of cases upholding a cause of action against certain state officials, *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981) (state prison officials); *Easter House v. Felder*, 910 F.2d 1387 (7th Cir.1990) (state Department of Children and Family Services officials), fails to—and, indeed, cannot—show how a state *department* like DMHDD can be brought into federal court. There is a fundamental legal distinction between suing a state official and directly suing the state agency. The latter, which is the case here, it not permissible absent the state's consent. Accordingly, we grant DMHDD's motion to dismiss.

IT IS SO ORDERED.